

S.I.R.P.R.

**FILED - GR**
June 16, 2025 9:02 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:MG  SCANNED BY: JU / 6-16

**1:25-cv-662**
Robert J. Jonker
U.S. District Judge

## CIVIL COVER SHEET (JS 44)

### Western District of Michigan

### I. PLAINTIFF

Name: Jasper R. Howell
Address: 3619 Quadrille Ln, Holt, MI 48842
Phone: (517) 896-9946
Email: jrhowell_us@yahoo.com

### II. DEFENDANT

Name: United Parcel Service, Inc.
Registered Agent for United Parcel Service, Inc.:
The Corporation Company
30600 Telegraph Road, Suite 2345
Bingham Farms, MI 48025

### III. BASIS OF JURISDICTION

[X] Federal Question (U.S. Government is not a party) - 28 U.S.C. § 1331

### IV. NATURE OF SUIT

[X] 442 - Employment (Title VII Discrimination)

### V. ORIGIN

[X] Original Proceeding

### VI. REQUESTED IN COMPLAINT

[X] Jury Demand
[X] Monetary Relief Requested: $10,000,000

### VII. CAUSE OF ACTION

Title VII of the Civil Rights Act of 1964 - Employment Discrimination, Retaliation, and
Hostile Work Environment
42 U.S.C. § 2000e et seq.

### VIII. RELATED CASE(S) IF ANY

None


Signature of Plaintiff: _____

Date: _____

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

JASPER R. HOWELL
3619 Quadrille Ln
Holt, MI 48842
(517) 896-9946
jrhowell_us@yahoo.com
Plaintiff,

v.

UNITED PARCEL SERVICE, INC.
Defendant.

Case No: _____
Hon. _____

COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION
(Jury Trial Demanded)

I. JURISDICTION AND VENUE

This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and federal question jurisdiction is conferred by 28 U.S.C. § 1331.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to Plaintiff's claims occurred in Lansing, Michigan, which is within the Western District of Michigan.

II. PARTIES

Plaintiff, Jasper R. Howell, is a resident of Ingham County, Michigan, and was employed by Defendant at its Lansing, Michigan facility.

Defendant, United Parcel Service, Inc. ("UPS"), is a corporation authorized to do business in the State of Michigan, including operation of the Lansing facility where Plaintiff was employed.

III. FACTUAL BACKGROUND

Plaintiff, a union-represented employee affiliated with Local Union 243, experienced a sustained pattern of retaliation, harassment, discrimination, and wrongful termination in violation of Title VII and internal UPS policies.

The hostile actions were carried out by various managers including, but not limited to: Dave Nokken, Amanda Casiano, McCoy Green, Kyle Epps, and Myles Lake.

Plaintiff engaged in protected activity under Title VII, including the filing of internal grievances and formal complaints concerning discriminatory and retaliatory treatment.

In response, Plaintiff was subjected to false accusations, targeted surveillance, and disproportionate disciplinary measures.

A full chronology of incidents and supporting documentation will be submitted as exhibits to this Complaint and are incorporated by reference.

IV. UNEQUAL TREATMENT

was treated less favorably than similarly situated employees who were accused of similar or more serious misconduct. Examples include:

- Nick Hugelet: Accused of dishonesty, received only a 3-day suspension.

- Ronnie Maxedon: Accused of dishonesty, also received a 3-day suspension.

- Plaintiff: Wrongfully terminated under pretextual claims of dishonesty, despite presenting exculpatory evidence.

## V. CLAIMS FOR RELIEF

Count I – Retaliation (Title VII, 42 U.S.C. § 2000e-3): Defendant unlawfully retaliated against Plaintiff for engaging in protected activity, including complaints about discrimination and the filing of formal grievances.

Count II – Hostile Work Environment (Title VII): Plaintiff was subjected to severe and pervasive harassment that created a hostile work environment in violation of Title VII.

Count III – Disparate Treatment Discrimination (Title VII): Plaintiff was discriminated against on the basis of race and/or other protected characteristics by being subjected to harsher discipline and less favorable treatment than similarly situated employees.

## VI. DAMAGES

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered:

- Emotional distress and mental anguish

- Loss of income and employment benefits

- Reputational harm

- Out-of-pocket expenses and legal fees

- Loss of career advancement and diminished earning capacity

## VII. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment in Plaintiff's favor;

b. Award compensatory damages in the amount of $10,000,000.00;

c. Award punitive damages as permitted by law;

d. Issue an injunction requiring Defendant to cease its retaliatory conduct and implement corrective policies;

e. Award Plaintiff the costs of this action, including reasonable attorney's fees if retained;

f. Grant such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Date: ___6/16/25___

Jasper R. Howell
3619 Quadrille Ln
Holt, MI 48842
(517) 896-9946
jrhowell_us@yahoo.com
Pro Se Plaintiff